For meaning of Abreviations, See Ternary Digest, page XII.

---

### No. 654
### BRADLEY v. IND. COMM.
#### No. 19899.  Supreme Court

On motion to certify.  Dock. June 16, 1926; 4 Abs. 404.

1283.  WORKMEN'S COMPENSATION— If a school teacher is injured while boarding an automobile on her way to the school is such injury in the course of her employment, thereby entitling her to compensation?

Margaret T. Bradley brought this suit originally in the Lucas Common Pleas on appeal from a ruling of the Industrial Commission concerning her right to an award as compensation for injuries.

It appears that Bradley was injured while boarding an automobile of a fellow teacher on her way to the school house in pursuance to her contract with the Board of Education. The Commission found that she was not injured in the course of her employment. The Court of Appeals found that Bradley was not injured in the course of her employment and refused to make an award for compensation.

Bradley in the Supreme Court contends that she was in the course of her employment while going to the school in which she was engaged as a teacher and cites many cases which held in similar instances that a party on their way to their employment was engaged in the course of their employment.

Attorneys—J. P. Manton, Toledo, for Bradley; C. C. Crabbe and R. R. Zurmehly, Columbus, for Commission.

### No. 655
### FRIEDBERG et v. LEA et
#### No. 19889.  Supreme Court

On motion to certify.  Dock. June 11, 1926; 4 Abs. 393.

887.  PARTIES—May the court interpose new parties defendant after a suit has been filed?

George A. Lea doing business as George A. Lea & Company brought this action originally in the Belmont Common Pleas against A. Friedberg and Max Friedberg, partners, doing business as A. Friedberg & Brother in which a judgment was sought upon an account. After the suit was filed Bruce and Frank Lea were made parties defendant.

The subject of the account upon which suit was filed was tobacco sold with certain items for storage and insurance.  A certain credit was stated in the petition which left a balance of $42,503 and at the trial the total charges were shown, but there was no evidence or testimony to support the credits and thereupon the plaintiffs rested.  The jury returned a verdict for $66,681 and upon motion for a new trial a remittitur of $8,712.00 was agreed upon and judgment entered in accordance therewith which judgment was affirmed by the Court of Appeals.

Friedberg in the Supreme Court contends:

1.  That it was error to permit Bruce and Frank Lea to be made parties defendants after the action was filed on the theory that this changed the action to a joint action by several parties.

2.  That the court erred in refusing to direct a verdict for the defendants when the plaintiffs failed to support by any evidence the allegation in their petition concerning cost on the account.

Attorneys—Thornburg & Lewis, St. Clairsville, for Friedberg; C. S. Sheppard, Cambridge, and W. A. Chappell, Barnsville, for Lea et.